**In the Matter of R. T., Appellee.**

**No. 9363.**

District of Columbia Court of Appeals.

Submitted Aug. 12, 1975.

Decided Sept. 18, 1975.

C. Francis Murphy, Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel, Richard W. Barton and Leo N. Gorman, Asst. Corp. Counsel, for appellant, District of Columbia.

Louis Fireison, Washington, D. C., appointed by this court, for appellee.

Before KELLY, FICKLING and YEAGLEY, Associate Judges.

FICKLING, Associate Judge:

This case is here on appeal from an order granting the motion of appellee, R. T., that his records in the Juvenile Branch of the Family Division of the Superior Court be sealed. Appellant, the District of Columbia, contends (1) that the trial judge had no authority to order juvenile records sealed except in accordance with the relevant statutory provisions governing the sealing of such records, and (2) that appellee had not satisfied the statutory requirements. We agree and reverse.

On January 9, 1975, appellee filed a motion in the Family Division requesting the court to "order the immediate sealing of all legal, social, and all law enforcement records." Appellee acknowledged that he did not meet the statutory requirements for sealing because two years had not elapsed since his final discharge from supervision as required by D.C.Code 1973, § 16-2334(a). He, nevertheless, requested that his juvenile records be sealed immediately to facilitate his entry into the United States Marine Corps. Despite appellee's failure to satisfy the statutory requirements, the trial court granted the motion to seal.

The statutory requirements governing the sealing of juvenile records are set forth under D.C.Code 1973, § 16-2334. Subsection (a) provides in pertinent part as follows:

> On motion of a person who has been the subject of a petition filed pursuant to

1. ABA Code of Professional Responsibility, DR 7-106 (Dec. 1974).

section 16–2305, or on the Division's own motion, the Division shall vacate its order and findings and shall order the sealing of the case and social records referred to in sections 16–2330 and 16–2331 and the law enforcement records and files referred to in section 16–2332, or those of any other agency active in the case *if it finds that*—

(1)(A) a neglected child has reached his majority; or

(B) *two years have elapsed since the final discharge of the person from legal custody or supervision,* or since the entry of any other Division order not involving custody or supervision; and

(2) he has not been subsequently convicted of a crime, or adjudicated delinquent or in need of supervision prior to the filing of the motion, and no proceeding is pending seeking such conviction or adjudication. [Emphasis supplied.]

Subsection (c) provides that upon entry of the sealing order, the proceedings are to be treated as if they had never occurred.

Section 16–2334 originates from H.R. 16196 of the 91st Congress, the House version of the District of Columbia Court Reform and Criminal Procedure Act of 1970. The House Report on H.R. 16196 stated in part:

Section 16–2334 provides that all records concerning a juvenile may be sealed on order of the Division under specified circumstances. . . . Such sealing is authorized only upon a finding by the Division that a neglected child [has reached majority] or that two years have elapsed since the final discharge of a person subject to supervision or since the entry of any other Division order and such person has not been convicted of a crime or adjudicated delinquent or in need of supervision and no such proceeding is pending. . . . H.R.Rep. No. 907, 91st Cong., 2d Sess. 159 (1970).

Therefore, we hold that authority to seal juvenile records may be exercised only when the statutory requirements are satisfied. Appellee's contention that the court's authority to seal records is founded on the doctrine of *parens patriae* is contrary to the express mandate of Congress which limits the authority of the court. We would defeat the will of Congress to hold otherwise.

It is undisputed that appellee does not satisfy the requirements of the statute. He was discharged from the supervision of the Superior Court on December 5, 1974. The motion to seal his juvenile records was filed in the Family Division on January 5, 1975, less than two years after his discharge.

Because appellee did not satisfy the statutory conditions, the trial court had no authority to grant the motion to seal appellee's juvenile records.

*Reversed.*